HALL *v.* CUSHMAN.

A surety is not entitled to the benefit of a mortgage given to indemnify his co-surety, especially where the mortgage was not given until after the co-sureties' loss had been adjusted by each of the co-sureties paying one half of the demand.

Such a mortgagee has nothing which he can apply to the discharge of the debt. It is only after and so far as he has been damnified that he has any cause of action, or any thing which he can assign.

PETITION by a subsequent mortgagee to redeem a mort-. gage executed by one Fay, with a condition to indemnify the defendant for signing a note as surety for Fay, which note was signed by one Brooks as co-surety.

The defendant contended that the mortgage was foreclosed by entry and peaceable possession for the term of one year; and further, that Brooks his co-surety was entitled to the benefit of the mortgage.

*Livermore & Bellows,* for the plaintiff.

*Morrison,* for the defendant.

PARKER, C. J. We are of opinion that Brooks the co-surety is not entitled to the benefit of the mortgage. The case does not fall within the principle laid down in *Low* v. *Swart,* 5 N. H. 353, and other cases which give to a surety the benefit of a security held by a co-surety. That can not be applied to mere promises to indemnify,

Hall *v.* Cushman.

which rest in action, even if a security also resting in action is given to secure the performance of the promise.

A promise to indemnify one surety can not be construed to be a promise to indemnify both ; and if a third person signs it as surety that will not enlarge its operation.

So a mortgage given to indemnify one surety can not be construed to be a mortgage given to indemnify two. The surety who takes it has nothing in hand to be applied to the discharge of the debt or which can be applied to that purpose. When he has paid he may use his indemnity. Until that he has nothing which he could assign to a co-surety for his indemnity. It is only upon being damnified that he has cause of action or any thing to assign. When damnified he may recover to that extent.

If he pays the whole debt he may claim to that amount, and thus indirectly exonerate his surety. He is not in such case obliged to resort to him. But he recovers because he is damnified. The promise is not to indemnify for damage to a third person, and he can not recover for that.

In this case moreover, before the defendant had any thing but a promise to indemnify himself, and a security for that promise, the loss had been adjusted between the co-sureties by each paying one half the demand for which they were liable, and after such adjustment one co-surety has no claim upon what may be received by another.

For these reasons Brooks can not claim the benefit of the mortgage, or Cushman hold in his behalf.